FILED

MAR 1 8 2009

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| CHRISTOPHER M. MESSENGER and | ) | Case No. 4-08-bk-14053-EWH |
| CRISSY A. MESSENGER, | ) | |
| | ) | **MEMORANDUM DECISION** |
| | ) | |
| Debtors. | ) | |

## I. INTRODUCTION

Pending before the court is the Debtors' motion to dismiss their Chapter 7 case. The Chapter 7 Trustee opposes the motion. At the hearing on the motion, newly retained counsel for the Debtors, who initially filed pro se, asserted that there was case authority which supported counsel's claim that the Chapter 7 Trustee lacked standing to oppose dismissal where no creditors had filed objections to the dismissal. Counsel for the Debtors was given two weeks to file a list of authorities which supported that claim. The court has reviewed those cases and, for the reasons explained below, does not find them to be persuasive. Accordingly, an order denying the Debtors' motion to dismiss will be entered this date.

## II. ISSUE

Did the Debtors meet their burden of showing that sufficient "cause" exists under Section 707(a) to dismiss a Chapter 7 case on the Debtors' own motion?

## III. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

## IV. DISCUSSION

In the Ninth Circuit, dismissal under Section 707(a) must be for "cause", even if the motion is brought by the debtor. 11 U.S.C. § 707(a) and In re Hickman, 384 B.R. 832, 840 (9th Cir. BAP 2008). If there is no specific Bankruptcy Code provision that addresses the asserted cause, as in this case, then the question becomes whether sufficient cause exists for dismissal under a totality of the circumstances. In re Sherman, 491 F.3d 948, 970 (9th Cir. 2007).

A core issue in determining whether sufficient cause exists to voluntarily dismiss a Chapter 7 case is if the dismissal will cause "legal prejudice" to interested parties. In re Hickman, 384 B.R. at 841 and In re Bartee, 317 B.R. 362, 366 (9th Cir. BAP 2004) (finding debtors bear the burden of proving that dismissal would not prejudice their creditors). The question of prejudice resulting from dismissal may be evaluated using both legal and equitable considerations. In re Hickman, 384 B.R. at 840. The dismissal decision rests within the sound discretion of the court. In re Int'l Airport Inn P'ship, 517 F.2d 510, 511 (9th Cir. 1975).

In this case, Debtors assert that cause exists for dismissal because Debtor, Christopher Messenger, is disabled, unemployed, and is the only source of income for his family. Debtors also claim they were unaware at the time of filing their petition that their 2008 tax refund would become property of the estate. Debtors assert that the tax refund is needed to pay for necessary living expenses. However, the principle question is not if the funds are needed by the Debtors but whether dismissal of the case would be prejudicial to creditors. The Trustee asserts that the Debtors' anticipated 2008 tax refund is approximately $4,000. The Trustee further asserts that this amount can be used to make a significant payment to unsecured creditors. If the case is dismissed, the Debtors could quickly spend the tax refund, making it difficult or impossible for creditors to recover anything on their claim. Accordingly, Debtors have not met their burden of showing that creditors will not be legally prejudiced by dismissal of the case. See In re Mendez, 367 B.R. 109 (B.A.P. 9th Cir. 2007) (denying a Chapter 7 debtor's motion to dismiss based on trustee's assertion that creditors would be prejudiced by dismissal, as debtor's home could be sold, with creditors potentially being paid in full and debtor receiving the full amount of her homestead exemption) and In re Hickman, 384 B.R. at 804 (finding a debtor did not demonstrate absence of prejudice to creditors on dismissal of case due to unexplained omissions from debtor's schedules and his lack of cooperation in trustee's efforts to obtain information).

The Debtors' counsel cited four cases to support his argument that the Chapter 7 Trustee did not have standing to object to the Debtors' motion to dismiss because no

3

creditors filed objections.[1] The Bankruptcy Appellate Panel for the Ninth Circuit rejected both the view that the trustee has only limited standing to object to a debtor's motion to dismiss and that the failure by creditors to object constitutes consent to a dismissal. In re Hall, 15 B.R. 913, 916 (9th Cir. BAP 1981). See also In re Bartee, 317 B.R. at 366 (upholding a Chapter 7 trustee's sole objection to a motion to dismiss). Moreover, in this case, Debtor's motion to dismiss was not properly noticed to any Creditors.[2] As such, Creditors had a limited opportunity to object.

## V. CONCLUSION

The Debtors have not met their burden of proving that the creditors will not be prejudiced by dismissal of the case. Therefore, the Debtors' motion to dismiss under Section 707(a) must be denied. Accordingly, an order consistent with this holding will be entered this date.

Dated: March 18, 2009

*Eileen W. Hollowell*

Eileen W. Hollowell
U.S. Bankruptcy Judge

---

[1] The cases cited are In re Wirick, 3 B.R. 539 (Bankr. E.D. Va. 1980); In re Waldman, 5 B.R. 401 (Bankr. S.D.N.Y. 1980); In re Wolfe, 12 B. R. 686 (Bankr. S.D. Ohio 1981); and In re Jackson, 7 B.R. 616 (Bankr. E.D. Tenn. 1980).

[2] While the Creditors were not noticed of the motion to dismiss, the Creditors did receive notice from the Bankruptcy Court of the date and time of the hearing on the motion to dismiss.

4

Copies sent through Bankruptcy Notice Center (BNC):

Christopher M. Messenger
Crissy A. Messenger
10625 N Battleford Dr.
Casa Grande, AZ 85222

Fred Pinsky
Southern Arizona Legal Aid
766 North Park Avenue
Casa Grande, AZ 85222

Gayle Eskay Mills
PO Box 36317
Tucson, AZ 85740

U.S. Trustee's Office
230 North First Ave., Suite 204
Phoenix, AZ 85003